ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JESÚS A. RODRÍGUEZ GONZÁLEZ,<br><br>*Ex parte,*<br><br>Peticionaria. | KLCE202500144 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil núm.: CA2024CV02064<br><br>Sobre: eliminación del registro de ofensores sexuales y de récord penal. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de marzo de 2025.

El peticionario, señor Jesús A. Rodríguez González (señor Rodríguez González), instó el presente recurso de *certiorari* el 12 de febrero de 2025. En él, recurre de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 10 de enero de 2025, notificada el 13 de enero de 2025. Mediante dicha determinación, el foro recurrido declaró sin lugar la solicitud del peticionario para que se le eliminara del *Registro de personas convictas por delitos sexuales y abuso contra menores* (Registro); así como para que se eliminaran sus convicciones del certificado de antecedentes penales.

Examinada la petición de *certiorari*, así como la oposición a la expedición del auto presentada por el Estado, por conducto de la Oficina del Procurador General, este Tribunal **deniega la expedición del auto**.

I

El 6 de agosto de 2024, tras haber hecho alegación de culpabilidad, el señor Rodríguez González fue declarado culpable y convicto por cincuenta y seis (56) cargos por infracción al Artículo 105[1]; cuatro (4)

---

[1] Actos lascivos o impúdicos; 33 LPRA sec. 4067 (derogado 2004).

Número identificador

RES2025_____

cargos por infracción al Artículo 99[2]; y diecinueve (19) cargos por tentativa al Artículo 99; todos tipificados en el hoy derogado Código Penal de Puerto Rico de 1974, 33 LPRA sec. 3001, *et seq.* (derogado 2004). Por lo anterior, fue sentenciado a cumplir una pena de quince (15) años y seis (6) meses de cárcel[3]. Sin embargo, el 2 de julio de 2009, le concedieron el privilegio de libertad bajo palabra[4]. Seguidamente, el 15 de julio de 2009, el señor Rodríguez González fue inscrito por primera vez en el Registro de conformidad a las disposiciones de la Ley Núm. 266 de 9 de septiembre de 2004, conocida como *Ley del registro de personas convictas por delitos sexuales y abuso contra menores*, 4 LPRA sec. 536, *et seq.* (Ley Núm. 266-2004)[5]. Luego, el 7 de febrero de 2012, completó su sentencia[6].

Así las cosas, el 26 de junio de 2024, el señor Rodríguez González presentó una petición ante el foro recurrido[7]. A grandes rasgos, solicitó su eliminación del Registro, y que se eliminaran las convicciones de su certificado de antecedentes penales. En apoyo de su solicitud, el señor Rodríguez González hizo alusión a la Ley Núm. 266-2004. Adicionalmente, llamó la atención al Artículo 4 de la Ley Núm. 254 de 27 de julio de 1974, conocida como *Ley para autorizar a la Policía de Puerto Rico la expedición de certificados de antecedentes penales*, 34 LPRA sec. 1725, *et seq*[8].

Tras varias incidencias procesales, el 6 de septiembre de 2024, el Estado presentó su contestación a la petición[9]. En lo pertinente, adujo que la Ley Núm. 266-2004 había sido enmendada por la Ley Núm. 243 de 14

---

[2] Violación; 33 LPRA sec. 4061 (derogado 2004).

[3] *Véase*, apéndice del recurso, a las págs. 5-9.

[4] *Íd.*, a la pág. 9.

[5] *Íd.*, a la pág. 11.

[6] *Íd.*, a la pág. 9.

[7] *Íd.*, a las págs. 1-37.

[8] En su petición, el señor Rodríguez González hizo alusión a la Ley Núm. 314 de 15 de septiembre de 2004, a través de la cual se incorporó el referido Artículo 4 a la Ley Núm. 254. Reconocemos que el peticionario se refirió a la primera como la "Ley Núm. 134", sin embargo, nos parece evidente que se trata de un error tipográfico. *Véase*, apéndice del recurso, a la pág. 2.

[9] *Véase*, apéndice del recurso, a las págs. 42-54.

de diciembre de 2011 (Ley Núm. 243-2011), que establece tres (3) clasificaciones de ofensores sexuales basadas en el tipo de delito cometido. Precisó que las clasificaciones se dividían en tipo I, II y III, y el periodo de inscripción en el Registro variaba según el tipo de ofensor: 15 años para el tipo I, 25 años para el tipo II, y de por vida para el tipo III. Indicó que, en el caso del señor Rodríguez González, este había sido clasificado como un ofensor sexual tipo III, por lo que debía permanecer en el Registro de por vida.

Atendidos los escritos de las partes, el 13 de enero de 2025, el foro primario emitió la determinación recurrida[10]. Explicó que las enmiendas introducidas por la Ley Núm. 243-2011 a la Ley Núm. 266-2004 aplicaban retroactivamente, puesto que no violentaban la cláusula constitucional de leyes *ex post facto*. Con ello, razonó que, al amparo de dichas enmiendas, el peticionario era considerado un ofensor sexual tipo III, por lo que debía permanecer en el Registro de por vida. Así pues, declaró sin lugar tanto la solicitud para la eliminación del Registro, como la petición para que se eliminaran las convicciones del certificado de antecedentes penales.

Inconforme, el señor Rodríguez González incoó este recurso de *certiorari* el 12 de febrero de 2025, y planteó los siguientes errores:

> Primer error: El TPI erró al clasificar como ofensor sexual tipo III al peticionario de epígrafe al amparo de las clasificaciones contenidas en la Ley [266-2004], según enmendada, las cuales adolecen de los defectos de vaguedad, amplitud excesiva y susceptibilidad de ser aplicadas arbitraria y caprichosamente.

> Segundo error: El TPI erró al declarar "no ha lugar" la solicitud del peticionario de epígrafe de que su nombre y circunstancias personales fueran eliminadas tanto del registro de personas convictas por delitos sexuales y abuso de menores, así como de su certificado de antecedentes penales, lacerando los derechos constitucionales a la dignidad, intimidad, protección contra discrimen por condición social, el debido proceso de ley, la igual protección y aplicación de las leyes y el derecho a la rehabilitación del aquí peticionario.

> Tercer error: El TPI erró al resolver que las enmiendas realizadas a la Ley [266-2004], por medio de la Ley [243-2011] tienen que obligatoriamente aplicarse de manera retroactiva al peticionario de epígrafe.

---

[10] *Véase*, apéndice del recurso, a las págs. 58-64.

(Énfasis omitido).

El 28 de febrero de 2025, el Estado, por conducto de la Oficina del Procurador General, presentó su oposición a la expedición de este recurso.

Evaluados los argumentos de ambas partes, resolvemos.

II

A

La Regla 31(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos faculta a revisar, por vía de un recurso de *certiorari*, las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el Tribunal de Primera Instancia. Así pues, y conforme a la doctrina que rige este tipo de recurso, y distinto al recurso de apelación, este Tribunal tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Ello así, pues el *certiorari* constituye un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

De otra parte, cabe señalar que la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Cual reiterado, este Tribunal no habrá de intervenir con los asuntos ante la consideración del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

B

El *Registro de personas convictas por delitos sexuales violentos y abuso contra menores* fue creado en virtud de la Ley Núm. 28 de 1 de julio de 1997 (derogada 2004) (Ley Núm. 28-1997). Su instauración surgió como respuesta al deber del Estado de proteger a la ciudadanía y a las víctimas de delito. *Exposición de Motivos*, Ley Núm. 28-1997. Así, a través del Registro, se brindaría acceso tanto a las agencias de orden público como a la comunidad de conocer el paradero de personas previamente convictas por delitos de carácter sexual o de abuso de menores. *Íd.*

De conformidad a la referida ley, en el Registro se inscribirían las personas convictas por los siguientes delitos o su tentativa:

[V]iolación, seducción, sodomía, actos lascivos o impúdicos; proxenetismo, rufianismo o comercio de personas cuando la víctima fuere menor de dieciocho (18) años y el delito agravado; delito contra la protección a menores, incesto, restricción de libertad cuando la víctima fuere menor de dieciséis (16) años y no fuere su hijo, secuestro cuando la víctima fuere menor de dieciocho (18) años y no fuere su hijo, robo de menores, perversión de menores cuando se admitiere o retuviere a un menor de dieciocho (18) años en una casa de prostitución o sodomía; maltrato agravado de un menor y agresión sexual conyugal, comprendidos en los Artículos 99, 101, 103, 105, 110(a) y (c) y 111, 115, 122, 131(e), 137 A(a), 160 y 163(e) de la Ley Núm. 115 de 22 de julio de 1974, según enmendada, y en los Artículos 3.2(g) y 3.5 de la Ley Núm. 54 de 15 de agosto de 1989, respectivamente; y el delito de maltrato a menores

establecido en los Artículos 37 y 38 de la Ley 75 de 28 de mayo de 1980, según enmendada.

4 LPRA sec. 535 (derogado 2004).

Adicionalmente, también debían registrarse (i) las personas convictas por delitos similares por un tribunal federal, estatal o militar, que se trasladaran a Puerto Rico para establecer su residencia; (ii) quienes al momento de la aprobación de la Ley Núm. 28-1997 estuviesen recluidos por la comisión de alguno de los delitos reseñados; y (iii) aquellas a quienes se les revocara su libertad por el incumplimiento de alguna condición. *Íd.*

Una vez inscritas en el Registro, las personas se mantendrían en el mismo por un período de diez (10) años. Dicho término se computaría desde que la persona cumplía su sentencia, desde que comenzaba a cumplir la sentencia bajo el beneficio de libertad a prueba, o desde que era liberada bajo el privilegio de libertad bajo palabra. 4 LPRA sec. 535c (derogado 2004).

Ahora bien, la Ley Núm. 28-1997 fue derogada por la Ley Núm. 266 de 9 de septiembre de 2004, según enmendada, conocida como la *Ley del registro de personas convictas por delitos sexuales y abuso contra menores*, 4 LPRA sec. 536, *et seq*. (Ley Núm. 266-2004). En virtud de esta, se creó el Registro como lo conocemos hoy día. Como parte de su política pública, la nueva ley estableció que el Registro no tenía un propósito punitivo, sino que fungía como un mecanismo para garantizar la seguridad, protección y bienestar general de los sectores más vulnerables y merecedores de protección de nuestra sociedad. *Exposición de motivos*, Ley Núm. 266-2004.

Previo a cualquier enmienda, la Ley Núm. 266-2004, exigía que se inscribieran en el Registro todas aquellas personas convictas por los delitos allí enumerados. Adicionalmente, exigía el registro de todas las personas que al momento de la aprobación de la ley tuviesen la obligación de inscribirse conforme a las disposiciones de la derogada Ley Núm. 28-1997. 4 LPRA sec. 536a [ed. 2010].

En lo que respecta al periodo de inscripción en el Registro, la nueva ley mantuvo el mismo término de diez (10) años, así como la forma en que se computaría. 4 LPRA sec. 536c [ed. 2010].

No obstante, el 14 de diciembre de 2011, se aprobó la Ley Núm. 243-2011, a los fines de enmendar la Ley Núm. 266-2004 y atemperarla a las disposiciones de la ley federal *Adam Walsh Child Protection and Safety Act of 2006*, también conocida como el *Sex Offender Registration and Notification Act* (SORNA)[11].

Como parte de dichas enmiendas, se introdujeron tres (3) categorías para clasificar a los ofensores sexuales: tipo I, tipo II y tipo III. 4 LPRA sec. 536a. En lo pertinente al caso ante nuestra consideración, el ofensor sexual tipo III es definido como aquella persona convicta por los siguientes delitos o su tentativa:

> (i) **Violación**; seducción; sodomía; actos lascivos cuando la víctima no ha cumplido los dieciséis (16) años; incesto; secuestro cuando la víctima fuere menor de dieciocho (18) años y no fuere su hijo, robo de menores comprendidos en los **Artículos 99,** 101, 103, **105**, 122, 137-A(a) y 160, respectivamente, de la Ley Núm. 115 de 22 de julio de 1974, según enmendada; y agresión sexual conyugal, según tipificada en el Artículo 3.5 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada.

> (ii) Agresión Sexual, según comprendido en los Artículos 142(a), 142(b), 142(c), 142(d), 142(e), 142(g) de Ley 149-2004, según enmendada.

> (iii) Actos lascivos, cuando la víctima no ha cumplido los trece (13) años de edad; secuestro de menores; secuestro agravado cuando la víctima fuere menor de dieciocho (18) años, según comprendidos en los Artículos 134, 144 y 170(a) de la Ley 149-2004, según enmendada.

> (iv) Un Ofensor Sexual Tipo II convicto anteriormente de un delito sexual y que posteriormente comete otro delito sexual.

> (v) Cualquier delito antecedente o sucesor de los mencionados en los sub-incisos (i), (ii) y (iii).

4 LPRA sec. 536(10).

Como corolario de lo anterior, también se enmendó el término que una persona debe estar inscrita en el Registro. Así, quien sea catalogado

---

[11] 42 USC secs. 16901, *et seq.*

como **ofensor sexual tipo III,** deberá permanecer en el Registro **de por vida**. 4 LPRA sec. 536c.

Las enmiendas antes reseñadas tuvieron vigencia inmediata tras su aprobación, a excepción de los incisos (f) y (g) del Artículo 4. No obstante, el estatuto dispuso expresamente que las demás disposiciones podrían tener efecto retroactivo. 4 LPRA sec. 536n. Sobre ello, el Tribunal Supremo de Puerto Rico tuvo la oportunidad de expresarse en el caso *Pueblo v. Ferrer Maldonado*, 202 DPR 974 (2019). Allí, resolvió que las enmiendas no infringían la cláusula constitucional en contra de la aplicación de leyes *ex post facto*. En detalle, dispuso lo siguiente:

> [L]a aplicación retroactiva de las enmiendas introducidas por la Ley Núm. 243-2011 a la Ley Núm. 266-2004 *no violan* la prohibición constitucional en contra de la aplicación de leyes *ex post facto.* Esta ley, y sus más recientes enmiendas, es de carácter civil, no penal ni punitiva, y cumple cabalmente con la metodología adjudicativa adoptada en *Smith v. Doe.* En aras de evitar cualquier posible ejercicio de arbitrariedad, y para promover la uniformidad en las decisiones de los tribunales en Puerto Rico, luego de una reflexión ponderada sostenemos que: **todas las disposiciones contenidas en las enmiendas introducidas por la Ley Núm. 243-2011 aplican de forma retroactiva**, **independientemente de si la persona que impugna su anotación en el Registro arguye que, en su situación particular, corresponde emplear el principio de favorabilidad**.

*Íd*., a la pág. 999. (Énfasis nuestro).

C

La Ley Núm. 254 de 27 de julio de 1974, conocida como *Ley para autorizar a la Policía de Puerto Rico la expedición de antecedentes penales*, 34 LPRA sec. 1725, *et seq.* (Ley Núm. 254-1974), faculta a la Policía de Puerto Rico a expedir certificaciones que contengan una relación de las sentencias condenatorias que aparezcan en el expediente de un ciudadano, así como cualquier otra denuncia que obre en los expedientes policiacos y se encuentre pendiente de adjudicación. *Exposición de Motivos*, Ley Núm. 254-1974, 34 LPRA sec. 1725. A su vez, mediante sus disposiciones, el estatuto provee para que la Policía elimine las convicciones de dichos certificados de antecedentes penales. En lo pertinente, el Artículo 4 de la Ley Núm. 254-1974 dispone que, una persona

que haya sido convicta por un delito grave puede solicitar al foro de primera instancia una orden para eliminar la convicción, siempre y cuando cumpla con varios requisitos. Dichos requisitos son:

> (a) Que hayan transcurrido cinco (5) años desde que cumplió la sentencia y durante ese tiempo no haya cometido delito alguno;
>
> (b) Que tenga buena reputación en la comunidad; y
>
> (c) Que se haya sometido a la muestra requerida por la Ley del Banco de ADN, de estar sujeta a ello.

34 LPRA sec. 1725a-3.

Ahora bien, el referido Artículo 4 **exceptúa** de dicha norma a toda persona sujeta al *Registro de personas convictas por delitos sexuales violentos y abuso contra menores* o al *Registro de personas convictas por corrupción.* Íd.

### III

En su recurso de certiorari, el peticionario señala que el Tribunal de Primera Instancia incidió al clasificarlo como ofensor sexual tipo III al amparo de las enmiendas introducidas a la Ley Núm. 266-2004 mediante la Ley Núm. 243-2011. Alega que estas adolecen de vaguedad y amplitud excesiva. De otro lado, sostiene que el tribunal *a quo* laceró sus derechos constitucionales al aplicarle disposiciones que no existían al momento de ser sentenciado, por lo que se debe aplicar el principio de legalidad. Por último, esgrime que el foro recurrido incidió al determinar que las enmiendas realizadas a la Ley Núm. 266-2004, por medio de la Ley Núm. 243-2011, obligatoriamente le aplican de manera retroactiva.

Por su parte, el Estado aduce que la aplicación retroactiva de las enmiendas a la Ley Núm. 266-2004 resulta imperativa por virtud del Artículo 15 de la Ley Núm. 243-2011, y de lo resuelto por el Tribunal Supremo en *Pueblo v. Ferrer Maldonado*, 202 DPR 974 (2019). Por otra parte, en su muy fundamentado escrito, puntualiza que no cabe hablar del principio de legalidad en el presente caso, en tanto la Ley Núm. 266-2004 es una de carácter civil y no penal.

Evaluados los sendos escritos de las partes comparecientes, la resolución objeto de revisión, así como el derecho aplicable, este Tribunal concluye que no se nos ha persuadido de que el foro primario hubiera incurrido en un craso abuso de discreción o que hubiera actuado con prejuicio o parcialidad, o que se hubiera equivocado en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Por tanto, nuestra intervención en este asunto no se justifica.

IV

En mérito de los antes expuesto, este Tribunal deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones